UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ULYSSES BRYANT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5478** |
| **WALTER REED - DISTRICT ATTORNEY, ET AL.** | **SECTION: "F"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Ulysses Bryant, Jr., a state prisoner, filed this *pro se* and *in forma pauperis* complaint against District Attorney Walter Reed, Richard Stalder, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections. In this lawsuit, plaintiff claimed that he was denied admission to a specialized rehabilitation program and, therefore, his plea agreement was breached.

On March 1, 2007, all of plaintiff's claims were dismissed except for his Americans with Disabilities claims for damages against the State of Louisiana and for prospective relief against Richard Stalder in his official capacity.[1] For the following reasons, it is recommended that those remaining claims now be dismissed for failure to prosecute.

Local Rule 41.3.1E provides:

---

[1] Rec. Doc. 9.

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The mail sent by this Court to plaintiff at the St. Tammany Parish Jail, his address of record, was returned as undeliverable on February 26, 2007.[2] On March 29, 2007, staff of this Court telephoned an official at that facility who confirmed that plaintiff is no longer incarcerated there.

The Court notes that the complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3] Because plaintiff has failed to meet that obligation, his whereabouts are unknown, and the Court has no way to advance this case on the docket.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2] Rec. Doc. 8.

[3] Rec. Doc. 1, p. 8.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, the Court has confirmed that he is no longer incarcerated at his address of record, and he has failed to provide the Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to contact him to hold a preliminary conference or to otherwise advance his case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Americans with Disabilities claims for damages against the State of Louisiana and for prospective relief against Richard Stalder in his official capacity be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of March, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**